~AO 241                                                                                          Page 2 (F

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY** A PERSON IN STATE CUSTODY

0 8 - 0 4 7

| **United States District Court** | District: Delaware |
|---|---|

| Name (under which you were convicted): Timothy B. Harr | | Docket or Case No: |
|---|---|---|

| Place of Confinement : Delaware Correctional Center | Prisoner No.: 00190389 |
|---|---|

| *Petitioner( include the name under which you were convicted)*<br>*custody of petitioner)* | *Respondent (authorized person having* |
|---|---|
| Timothy B. Harr                                    v. | Perry Phelps, Warden<br>Delaware Correctional Center |

The Attorney General of the State of Delaware: Joseph Biden, III

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of New Castle County. Wilmington, Delaware

    (b) Criminal docket or case number (if you know): ID 82003606DI

2.  (a) Date of the judgment of conviction (if you know): **1-20-83**

    (b) Date of sentencing: **1-20-83**

3.  Length of sentence: <u>Life in Prison for each charge.</u>

4.  In this case, were you convicted on more than one count or of more than one crime?        ☐ Yes        ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Rape 1st Degree (2)

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty            ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count

or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

                ☐ Jury         ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

                ☐ Yes       ☒ No

8.     Did you appeal from the judgment of conviction?

                ☐ Yes       ☒ No

9.     If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know): N/A

(c) Result:: N /A

(f) Grounds raised: N/A

(g) Did you seek further review by a higher state court?    ☐ Yes     ☒ No

    If yes, answer the following:

              (1) Name of court: N/A

              (2) Docket or case number (if you know): N/A

              (3) Result: N/A

              (4) Date of result (if you know): N/A

(5 ) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: Superior Court New Castle County

(2) Docket or case number (if you know): ID 82003606D1

(3) Date of filing (if you know): June 2007

(4) Nature of the proceeding: Motion for Post Conviction Relief

(5) Grounds raised: Ineffective Assistance of Counsel, Unfulfilled Plea Agreement.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): July 6, 2007

(b) If you filed any second petition, application, or motion, give

the same information:

(1) Name of court: Supreme Court of Delaware

(2) Docket or case number (if you know): 368, 2007

(3) Date of filing (if you know):

(4) Nature of the proceeding: Appeal

(5) Grounds Raised: (A) Harr states that he was not time barred pursuant to Superior Court Criminal

Rule 61. (B) Harr claims tht his counsel was ineffective in several areas including but not limited to

failure to communicate and failure to prepare. (C) Harr contends that the State of Delaware was

ambiguous in it's interpretation of the definition and explaination of "life" sentences.

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?

☐ Yes      ☒ No

(7) Result: Affirmed

(8) Date of result (if you know): November 6, 2007

(c) If you filed any third petition, application, or motion, give

the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

~AO 241                                                                                    Page 6 (F

(6) Did you receive a hearing where evidence was given on your petition,

    application, or motion?

☐ Yes        ☒ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

| (1) First petition: | ☒Yes | ☐ No |
| (2) Second petition: | ☒Yes | ☐ No |
| (3) Third petition: | ☐Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds.
       State the facts supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Violation of Delaware Superior Court Criminal *Rule 55(e)***

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Harr's filed a petition for Post Conviction relief in Superior Court which was denied. Harr appealed to the Delaware Supreme Court. In their opinion they stated that "the transcript of the 1983 plea colloquy was not available because the court reporter notes would have been destroyed after 20 years." Delaware Superior Court Criminal *Rule 55(e)* states that records for Class A felonies are to be kept indefinitely unless they are specifically ordered to be destroyed by the court. Therefore, since the records were unlawfully destroyed, the court would have had to use "best evidence rule" pursuant to Rules of Evidence *Rule 1002*. This would be the only way in which the court could fairly reflect on what specifically was said in open court at Harr's plea hearing.

(b) If you did not exhaust your state remedies on Ground One, explain why: Harr had no idea that these records were no kept. Furthermore, Harr could not foresee needing these records.

~AO 241

(c)     **Direct Appeal of Ground One:**
        (1) if you appealed from the judgment of conviction, did you raise this issue?


        ☐ Yes


        ☒ No (2) if you did not raise this issue in your direct appeal, explain why:  N/A




(d) **Post-Conviction Proceedings:**
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in
a state trial court?
                ☒ Yes    ☐ No
        (2) if your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Motion for Post Conviction Relief pursuant to Superior Court

        (Del.) Criminal Rule 61.

        Name and location of the court where the motion or petition was filed: Superior Court of New

        Castle County, Wilmington, Delaware

        Docket or case number (if you know): Cr. ID No. 82003606DI

        Date of the court's decision: 7-6-2007

        Result (attach a copy of the court's opinion or order, if available): Summarily Dismissed (See attached)

        (3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☒ No
        (4) Did you appeal from the denial of your motion or petition?     ☒ Yes          ☐ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal  ☒ Yes  ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state: Delaware

        Name and location of the court where the appeal was filed: Supreme Ct. of Delaware, Dover Delaware

        Docket or case number (if you know): 368, 2007

        Date of the court's decision: 10-12-2007

        Result (attach a copy of the court's opinion or order, if available): See attached

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

        issue: N/A

~AO 241

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your    state remedies on Ground One: N/A

### GROUND TWO: Failure of State to Provide Harr with Sentencing Order.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In the Supreme Court of Delaware's decision to affirm Harr's Motion for Post Conviction Relief they stated that since his case ended in a plea, the rules of the Superior Court of Delaware do not apply. In Harr's briefing of this argument he specifically states the precise rule and the reason why it should be adhered to.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Motion for Post Conviction Relief pursuant to Superior Court (Del.) Criminal Rule 61

Name and location of the court where the motion or petition was filed: Superior Court of New Castle County, Wilmington, Delaware

Docket or case number (if you know): Cr. ID No. 82003606DI

Date of the court's decision: 7-6-2007

Result (attach a copy of the court's opinion or order, if available): See attached decision

(3) Did you receive a hearing on your motion or petition?      ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition      ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware, Dover Delaware

Docket or case number (if you know): 368, 2007

Date of the court's decision: 10-12-2007

Result (attach a copy of the court's opinion or order, if available): See attached.

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE: Ineffective Assistance of Counsel (Plea does not reflect any mention of consecutive sentencing)**

(a)      Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In Harr's briefing of this argument he states that the plea that he was informed of by his attorney did not have any mention of consecutive sentencing (another reason for needing the sentencing order...See argument #2). Harr contends that if he had been told of this fact he would not have accepted the plea. Thus Harr was prejudiced by his attorneys ineffective performance.

~AO 241                                                                                                Page 10 (R

(b)    If you did not exhaust your state remedies on Ground Three, explain why? N/A

(c)    **Direct Appeal of Ground Three:** No

    (1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes　　　☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Motion for Post Conviction Relief pursuant to Superior Court (Del.) Criminal *Rule 61*

    Name and location of the court where the motion or petition was filed: Superior Court of New Castle County, Wilmington, Delaware Superior Court of New Castle County, Wilmington, Superior Court of New Castle County, Wilmington,

    Docket or case number (if you know): Cr. ID No. 82003606DI

    Date of the court's decision: 7-6-2007

    Result (attach a copy of the court's opinion or order, if available): See attached

    (3) Did you receive a hearing on your motion or petition?　　　☐ Yes　　☒ No

    (4) Did you appeal from the denial of your motion or petition?　☒ Yes　　☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　☒ Yes　　☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Supreme Court of Delaware, Dover, Delaware

    Docket or case number (if you know): 368, 2007

    Date of the court's decision: 7-6-07

    Result (attach a copy of the court's opinion or order, if available): See attached.

~AO 241                                                                                               Page 11 (Re

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes   ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: NO

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes  ☒ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available. N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐ Yes  ☒ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. N/A

~AO 241

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

      (a) At preliminary hearing:            Unknown

      (b) At arraignment and plea:           James A. Bayard, Jr., Esq.

      (c) At trial:                          N/A

      (d) At sentencing:                     James A. Bayard, Jr., Esq.

      (e) On appeal:                         N/A

      (f) In any post-conviction proceeding:  pro se

      (g) On appeal from any ruling against you in a post-conviction proceeding: pro se

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☒ No

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
      N/A

      (b) Give the date the other sentence was imposed: N/A

      (c) Give the length of the other sentence: N/A

      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes     ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
      In the interest of justice this must be examined for any constitutional defects. The fact is that it is being filed immediately after the exhaustion of the State remedies. (A)        the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Therefore, petitioner asks that the Court grant the following relief: Re-sentencing and/or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on          (month, date, year).

Executed (signed) on          (date).

4/9/08

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



TIMOTHY T. HARR
IM. 193389 UNIT E
SBI#
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 9977

WILMINGTON

U.S. DISTRICT COURT
CLERK OF THE COURT - PETER DALEO
844 KING ST, FEDERAL BLDG.
Lock Box 18
Wilmington, DE 19801

LEGAL MAIL

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TIMOTHY B. HARR, | ) |
| | ) |
| Defendant Below, | ) |
| Appellant | ) |
| | ) |
| vs. | )    No. 368, 2007            2 4 7 |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff Below, | ) |
| Appellee | ) |

## ANSWER TO
## MOTION FOR REARGUMENT

The State of Delaware submits the following in response to the motion for reargument:

1.  In May 1982, the grand jury indicted Timothy Harr, charging him with two counts of first degree rape (Del. Code Ann. tit. 11, §764 (Repl. 1979)), two counts of first degree kidnapping, and two counts of possession of a deadly weapon during the commission of a felony. In January 1983, Harr pled guilty to two counts of first degree rape, and he was sentenced to two consecutive parolable life terms. *See generally Evans v. State*, 872 A.2d 539, 553-58 (Del. 2005).

2.  Harr in June 2007 moved for post-conviction relief. According to him, counsel had been ineffective because he had not explained to Harr that the Delaware sentences would run consecutively to sentences he was then serving in North Carolina. Harr also charged that the plea agreement not been followed. Superior Court summarily denied the motion, holding that Harr's motion was untimely under the provisions of Criminal Rule 61(i)(1). The court also noted that the transcript of the 1983 plea colloquy was not available because the court reporter notes would have been destroyed after 20 years. *State v. Harr*, 2007 WL 1991184 (Del. Super. July 6, 2007) (Ex. A). On

appeal, this Court similarly noted that the transcript of the 1983
plea colloquy was not available, the notes only being retained for 20
years. *Harr v. State*, 2007 WL 2983632, order at ¶5 (Del. Oct. 12,
2007) (Ex. B). The court reporter notes (or their unavailability)
were mentioned by both Superior Court and this Court in the context of
Harr's ability to bring his case within the scope of Criminal Rule
61(i)(5); in the absence of the transcript of the plea colloquy, both
Superior Court and this Court found that the sentencing order itself
had been sufficient to put Harr on notice that his Delaware sentence
was to run consecutive to the sentence he was then serving in North
Carolina. *Harr*, 2007 WL 1991184, order at ¶¶9-12; *Harr*, 2007 WL
2983632, order at ¶¶5-6.

3. Harr has now moved for reargument on the grounds that
Superior Court and this Court misapprehended the retention of the
court reporter notes. According to Harr, Criminal Rule 55(e) requires
that the court reporter notes in all class A felony cases are to be
kept indefinitely. Because first degree rape is (and always has been)
classified as a class A felony, Harr contends that the notes should be
available.

4. Harr's application can be denied for three distinct reasons:
• Harr's guilty plea was entered in January 1983. Not until
    September 1983, however, did the Criminal Rules specify a
    retention period for court reporter notes. *See* Super. Ct.
    Crim. R. 56(e)(4) (Supp. 1990) (copy attached). Harr's
    application thus rests on a provision in the Criminal Rules
    that was not in place when he entered his plea.
• Though the Superior Court's observation about the court
    reporter notes is plain on the face of the court's July 2007

order, Harr did not raise the issue in his opening brief.
Under well-settled state law, Harr is not allowed to make new
arguments in a motion for reargument. *See McKinney v. State*,
466 A.2d 356, 362 (Del. 1983); *Davis v. State*, 400 A.2d 292,
299 (Del. 1979).

• Finally, any question about the availability of the court
reporter notes (or the transcript of the plea colloquy) is
immaterial to the resolution of Harr's case. Harr's contention
is that defense counsel was ineffective because counsel did not
tell him that the Delaware sentence would run consecutively to
the sentence he was then serving in North Carolina. *Harr*, 2007
WL 1991184, order at ¶8; *Harr*, 2007 WL 2983632, order at ¶3.
But at no point in his opening brief did Harr state (or even
imply) that there was a reasonable probability that but for
counsel's failure to advise him of the consecutive nature of
the Delaware sentence he would have gone to trial. *See, e.g.,
Albury v. State*, 551 A.2d 53 (Del. 1988). Harr's failure to
make that preliminary showing was more than enough to warrant
dismissal of his claim of ineffective assistance. *E.g., Dawson
v. State*, 673 A.2d 1186, 1196 (Del. 1996). Granting Harr's
motion for reargument would not change that particular aspect
of Harr's case. Harr has not shown that the mistake about the
retention schedule for the court reporter notes is sufficiently
likely to influence the outcome of the appeal. That
shortcoming on Harr's part requires denial of his motion for
reargument. *West Coast Life Insr. Co. v. Crawford*, 138 P.2d
384, 393 (Cal. App. 1943); *Whitehead v. Nevada Com'n on*

*Judicial Discipline*, 873 P.2d 946, 952-53 (Nev. 1991); *Goodwin v. Gaston*, 154 A. 772, 773 (Vt. 1931).

5.    The motion for reargument should accordingly be denied.

Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210

November 6, 2007

Westlaw.

Not Reported in A.2d

Not Reported in A.2d, 2007 WL 1991184 (Del.Super.)

**(Cite as: Not Reported in A.2d)**

Page 1

State v. Harr
Del.Super.,2007.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Delaware,New Castle County.
STATE of Delaware, Plaintiff,
v.
Timothy B. HARR, Defendant.
**Cr. ID No. 82003606DI.**

Submitted: June 5, 2007.
Decided: July 6, 2007.

**ORDER**

SUSAN C. DEL PESCO, Judge.

**\*1** This 6th day of July, 2007, upon consideration of the defendant's *pro se* motion for postconviction relief, it appears that:

1. Defendant has filed this Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. For the reasons stated below, Defendant's Motion is SUMMARILY DISMISSED.

2. On January 20, 1983, defendant, Timothy Harr (Harr) pled guilty to two counts of Rape 1st Degree.

3. On the same day, Harr was sentenced to Level V incarceration for life on each count of Rape 1st Degree. Immediately following sentencing, defendant was returned to North Carolina where he was serving a criminal sentence.

4. Harr did not file a direct appeal of his conviction.

5. On June 5, 2007, Harr filed this motion for postconviction relief alleging ineffective assistance of counsel and an unfulfilled plea agreement.

6. With certain exception, " a motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." FN1

> FN1. Super. Ct.Crim. R. 61(i)(1). Rule 61(i)(1) was amended to reduce the time for filing a motion for postconviction relief from three (3) years to one (1) year, effective July 1, 2005. Since Harr's conviction was final prior to that date he is

entitled to the three year time limit.

7. Harr's motion was filed June 5, 2007, more than twenty-three years after his judgment of conviction became final,<sup>FN2</sup> and seven months after his return to Delaware.<sup>FN3</sup> In his motion, Harr acknowledges the time limit for filing a motion for post-conviction relief but asserts that his claim is not barred due to a " miscarriage of justice." Harr cites Rule 61(i)(5) which states, " [t]he bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." FN4

> FN2. Because Harr did not file a direct appeal of his conviction, it became final on February 19, 1983, thirty (30) days after the Superior Court imposed sentence on January 20, 1983.

> FN3. Harr was returned to Delaware on November 9, 2005.

> FN4. Super. Ct.Crim. R. 61(i)(5).

8. According to Harr:

James A. Bayard, Jr. did not inform his client of the ramifications of his accepting this plea. Harr had already been sentenced in the State of North Carolina. When he accepted the plea of life sentences Harr was informed that this would run ' with North Carolina's sentence, the same way Pennsylvania and New Jersey were running their time:' This is an 80 year life sentence he was accepting. It was paramount that he knew specifically of what he was getting into. Harr was never at any time given notice about his time to be run consecutively.<sup>FN5</sup>

> FN5. See pages 5-6 of the Memorandum in support of Motion for: Post-Conviction Relief attached to Harr's motion for postconviction relief filed June 5, 2007.

9. Due to the 23 year delay in the bringing of this motion, the transcript of Harr's guilty plea colloquy is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. A

Not Reported in A.2d

Not Reported in A.2d, 2007 WL 1991184 (Del.Super.)

**(Cite as: Not Reported in A.2d)**

not available.[FN6] Harr's sentencing order states:

FN6. January 1983 notes are not available and are presumed " destroyed" as the retention period for criminal notes is 20 years.

IT IS THE SENTENCE OF THIS COURT THAT THE DEFENDANT SHALL:

*AS TO IN82-05-1707:*
1. Be imprisoned for life beginning at the expiration of sentence now serving in North Carolina.

*AS TO IN82-05-1710:*
*2 1. Be imprisoned for life beginning at the expiration of sentence imposed in IN82-05-1707.

*AS TO BOTH CHARGES:*
1. Be committed to the Department of Corrections for the purpose of carrying out this sentence.
10. It is clear from the sentencing order that Harr's incarceration in Delaware was to begin after his sentence in North Carolina was completed, and that his life sentences in Delaware are consecutive.
11. Harr was present at sentencing and heard the sentence imposed by Judge, now retired Justice, Joseph Walsh. Harr was or should have been aware in January 1983, that his sentences were consecutive and would not begin to run until the completion of his sentence in North Carolina. If Harr was unclear about his sentence or believed it to be illegal he had the opportunity to appeal. Harr did not appeal or file a request for modification of sentence.
12. Harr has not raised a claim that this court lacked jurisdiction. Furthermore, I find that Harr has failed to raise a colorable claim that there was a miscarriage of justice which undermined the proceedings.
13. Harr's claim is time-barred under Superior Court Criminal Rule 61(i)(1). His alleged basis for relief does not constitute a retroactively applicable right which would extend the time limitation.

WHEREFORE, defendant's motion for post-conviction relief is SUMMARILY DISMISSED.

IT IS SO ORDERED.

Del.Super.,2007.
State v. Harr
Not Reported in A.2d, 2007 WL 1991184 (Del.Super.)

END OF DOCUMENT

Westlaw.

Slip Copy
Slip Copy, 2007 WL 2983632 (Del.Supr.)
**(Cite as: Slip Copy)**

Page 1

Harr v. State
Del.Supr.,2007.
Only the Westlaw citation is currently available.
NOTICE: THIS OPINION HAS NOT BEEN
RELEASED FOR PUBLICATION IN THE
PERMANENT LAW REPORTS. UNTIL
RELEASED, IT IS SUBJECT TO REVISION OR
WITHDRAWAL.NOTE: THIS OPINION WILL
NOT BE PUBLISHED IN A PRINTED VOLUME.
THE DISPOSITION WILL APPEAR IN A
REPORTER TABLE.
Supreme Court of Delaware.
Timothy B. HARR, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 368, 2007.**

Submitted: Sept. 13, 2007.
Decided: Oct. 12, 2007.

Court Below-Superior Court of the State of Delaware
in and for New Castle County, Cr. ID No.
82003606DI.

Before BERGER, JACOBS and RIDGELY, Justices.

JACK B. JACOBS, Justice.
*1 This 12th day of October 2007, upon
consideration of the appellant's opening brief and the
appellee's motion to affirm pursuant to Supreme
Court Rule 25(a), it appears to the Court that:

(1) The defendant-appellant, Timothy B. Harr, filed
an appeal from the Superior Court's July 6, 2007
order denying his motion for postconviction relief
pursuant to Superior Court Criminal Rule 61. The
plaintiff-appellee, the State of Delaware, has moved
to affirm the Superior Court's judgment on the
ground that it is manifest on the face of the opening
brief that the appeal is without merit. We agree and
affirm.

(2) In January 1983, Harr pleaded guilty to two
counts of Rape in the First Degree. He was sentenced
to Level V incarceration for life on each count.
Immediately following sentencing, Harr was returned
to North Carolina, where he was serving a criminal
sentence. Harr did not file a direct appeal from the

Superior Court's convictions and sentences.

(3) In June 2007, approximately 24 years after his
conviction became final, Harr filed the instant motion
for postconviction relief.[FN1]Under Rule 61(i)(1), Harr
had three years after his conviction was final to file a
motion for postconviction relief.[FN2]Harr, however,
alleges that the time bar should not apply to his claim
because of a "miscarriage of justice" under Rule
61(i)(5).[FN3] Specifically, Harr claims that his counsel
provided ineffective assistance by failing to inform
him that his sentences on the rape convictions would
run consecutive to, and not concurrent with, his
North Carolina sentence.

> FN1. Harr's conviction became final in
> February 1983.
>
> FN2. Harr's conviction became final prior to
> July 1, 2005, the date when the Rule was
> changed to reduce the statute of limitations
> from three years to one year.
>
> FN3. The Rule provides that the time bar
> "shall not apply to a claim that the court
> lacked jurisdiction or to a colorable claim
> that there was a miscarriage of justice
> because of a constitutional violation that
> undermined the fundamental legality,
> reliability, integrity or fairness of the
> proceedings leading to the judgment of
> conviction."

(4) In order to prevail on a claim of ineffective
assistance of counsel in connection with a guilty plea,
a defendant must demonstrate that, but for his
counsel's unprofessional errors, he would not have
pleaded guilty, but would have insisted on
proceeding to trial.[FN4]The defendant must make
concrete allegations of actual prejudice, and
substantiate them, or risk summary dismissal.[FN5]

> FN4.*Hill v. Lockhart,* 474 U.S. 52, 58
> (1985).
>
> FN5.*Younger v. State,* 580 A.2d 552, 556
> (Del.1990).

(5) As noted in the Superior Court's order, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. B

transcript of Harr's guilty plea is not available, since the court reporter's notes from 1983 are not available and the retention period for such notes is 20 years. Harr's sentencing order states that, on the first count of rape, he is to "[b]e imprisoned for life beginning at the expiration of sentence now serving in North Carolina."On the second count of rape, he is to "[b]e imprisoned for life beginning at the expiration of sentence imposed [on the first rape count]."

(6) Harr's sentencing order clearly provides that his Delaware sentences are consecutive to his North Carolina sentence and that the sentence on the second rape count is consecutive to the sentence on the first rape count. As such, Harr should have been aware that the sentences were consecutive, not concurrent. If Harr believed that there was some irregularity with respect to his sentences, he had the opportunity to file an appeal or a motion challenging his sentences. He did not do so. Under these circumstances, we conclude that Harr has failed to demonstrate either that his counsel was ineffective or that there has been a miscarriage of justice with respect to his sentences. His claim is, therefore, time-barred.[FN6]

> FN6. Harr's claim that his sentences should be reviewed because of the ambiguity of Delaware law regarding life sentences was not presented to the Superior Court in the first instance and we, therefore, decline to consider it in this appeal. Supr. Ct. R. 8.

*2 (7) It is manifest on the face of Harr's opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

Del.Supr.,2007.
Harr v. State
Slip Copy, 2007 WL 2983632 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00247-SLR    Document 2-2    Filed 04/29/2008    Page 9 of 11

# RULE 52. HARMLESS ERROR AND PLAIN ERROR

**An appellate court, etc.**

Unless the error is plain, within the technical meaning of the word, the Supreme Court will not consider an issue which defendant failed to raise below. Goddard v. State, Del. Supr., 382 A.2d 238 (1977).

**Plain error will be reviewed, etc.**

The doctrine of plain error is but an exception to the general rule that an appellate court will not consider a question not fairly presented below. Bromwell v. State, Del. Supr., 427 A.2d 884 (1981).

Plain error is limited to material defects which are apparent on face of record and basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice. Bromwell v. State, Del. Supr., 427 A.2d 884 (1981).

**Failure to instruct on elements of crime.** — It is plain error, requiring reversal, to fail to instruct the jury on the necessary elements of the crime. Taylor v. State, Del. Supr., 464 A.2d 897 (1983).

Not every improper remark by a prosecutor requires reversal, but only that which prejudicially affects substantial rights of the accused. Sexton v. State, Del. Supr., 397 A.2d 540 (1979), overruled on other grounds, Hughes v. State, Del. Supr., 437 A.2d 559 (1981).

**Refusal to declare mistrial because of prosecutor's remark held not abuse of discretion.** — See Diaz v. State, Del. Supr., 508 A.2d 861 (1986).

**Opinion evidence erroneously admitted amounting to little more than surplusage is clearly harmless.** Reynolds v. State, Del. Supr., 424 A.2d 6 (1980).

**Where verdict is rendered by letter opinion in nonjury trial,** the defendant's interest in being present at that time is not so great that the harmless standard could not be applied. Bailey v. State, Del. Supr., 419 A.2d 925 (1980).

**Where court communicates with jury on ministerial matter out of presence of defense counsel,** and the communication is summarized in the record, actual prejudice should be conceivable before the presumption of prejudice prevails; otherwise the error is harmless. Jacobs v. State, Del. Supr., 418 A.2d 988 (1980).

# RULE 56. COURTS AND PROTHONOTARY

**(b) Duties of Prothonotary.**

**(4) Transmission of the Record Upon Appeal to the Supreme Court.** The Prothonotary shall comply with the procedures set forth in Supreme Court Rule 9 pertaining to the transmission of the record to the Clerk of the Supreme Court.

**(c) Records and Exhibits.**

**(1) Custody of.** The Prothonotary shall have custody of the records and papers of the Court. He shall not permit any original record, paper or exhibit to be taken from the courtroom or from his office except at the direction of the Court or as provided by statute or by these Rules or by Rules of the Supreme Court.

**(3) Disposition of Exhibits.** After the final determination of a cause by the Court and the expiration of the period for filing a notice of appeal, if no notice of appeal has been filed, all exhibits shall be removed by the party who introduced them. If not so removed, the Prothonotary shall notify the parties by mail to remove them forthwith; and if they are not removed within 15 days from the date of mailing said notice, the Prothonotary may obtain an order of the Court for their disposition.

**(4) Stenographic Notes.** The stenographers of Superior Court in all criminal matters except those involving felonies before the Court shall retain the stenographic notes in a place designated by the Court for a period of 10 years from the date of said notes. After this time the stenog-

raphers are directed to destroy : thereof, has prescribed a longer graphic notes of felony cases sl specifically ordered to be destro notes of all other criminal matte 10 years.

**(d) Opinions to Be Dated.** Eac ions) shall bear two dates immedi:

(1) The date of the last oral submission of the case for dec

(2) The date of the filing of (Amended, effective Oct. 1, 1975; (

**Effect of amendments.** — The 197 amendment, effective Oct. 1, 1975, added par graph (d).

The 1980 amendment, effective Oct. 1 1980, added subparagraph (4) of paragraph (t added "or by Rules of the Supreme Court" : the end of the second sentence in subparagrap (1) of paragraph (c) and substituted "filing notice of appeal, if no notice of appeal has bee filed" for "taking an appeal or obtaining a wr

# RULE 56.1. SUPRE:

Upon receipt of a mandate from th immediately mail notice thereof to a case where the judgment of the Sup modified, or in any case where furthe ate order shall be prepared by preva

If the decision of the Supreme Cou by the Superior Court, the prepara with any other appropriate action, a manner so as to enable the Superior Supreme Court Rule 19(c).
(Added, effective Oct. 15, 1980.)

# RULE 56.2. CERTIFICATI
## TO THE SU

Certification of questions of law Superior Court Civil Rule 75.
(Added, effective Oct. 15, 1980.)

## ᴸ AND PLAIN ERROR

ᵉᵈ. Sexton v. State, Del. Supr., 397 A.2d
(1979), overruled on other grounds,
ᵉˢ v. State, Del. Supr., 437 A.2d 559
).

fusal to declare mistrial because of
ᶜutor's remark held not abuse of dis-
ᴼⁿ. — See Diaz v. State, Del. Supr., 508
861 (1986).

ᴵⁿⁱᵒⁿ evidence erroneously admitted
ᵘting to little more than surplusage is
ᴵy harmless. Reynolds v. State, Del.
424 A.2d 6 (1980).

ᵉʳᵉ verdict is rendered by letter opin-
ᵗ nonjury trial, the defendant's interest
ᵑᵍ present at that time is not so great
ᵗhe harmless standard could not be ap-
Bailey v. State, Del. Supr., 419 A.2d 925

ᵉʳᵉ court communicates with jury on
ᵗᵉrial matter out of presence of de-
counsel, and the communication is sum-
ᵈ in the record, actual prejudice should
ᶜeivable before the presumption of preju-
ᵉvails; otherwise the error is harmless.
v. State, Del. Supr., 418 A.2d 988

## 'ROTHONOTARY

ᴼⁿ Appeal to the Supreme
ᵛith the procedures set forth in
ransmission of the record to the

ᴵⁱl have custody of the records
ᵑit any original record, paper or
ᴼr from his office except at the
ᵗtatute or by these Rules or by

final determination of a cause
ᵢod for filing a notice of appeal,
ᵸibits shall be removed by the
ᵿoved, the Prothonotary shall
forthwith; and if they are not
ᵑailing said notice, the Protho-
ᵗ for their disposition.

phers of Superior Court in all
ᵉlonies before the Court shall
ᵈesignated by the Court for a
ᵉs. After this time the stenog-

raphers are directed to destroy said notes unless the Court, or any judge thereof, has prescribed a longer period of time in a particular case. Steno-graphic notes of felony cases shall be kept indefinitely unless they are specifically ordered to be destroyed by a judge of the Court. Stenographic notes of all other criminal matters shall be presumed to be destroyed after 10 years.

(d) **Opinions to Be Dated.** Each written opinion (including letter opinions) shall bear two dates immediately under the caption of the case:

(1) The date of the last oral argument, or brief filed, or other final submission of the case for decision; and

(2) The date of the filing of the opinion or order.

(Amended, effective Oct. 1, 1975; Oct. 15, 1980; Sept. 1, 1983.)

**Effect of amendments.** — The 1975 amendment, effective Oct. 1, 1975, added paragraph (d).

The 1980 amendment, effective Oct. 15, 1980, added subparagraph (4) of paragraph (b), added "or by Rules of the Supreme Court" at the end of the second sentence in subparagraph (1) of paragraph (c) and substituted "filing a notice of appeal, if no notice of appeal has been filed" for "taking an appeal or obtaining a writ of error, if no writ of error has been sued out or appeal filed" in the first sentence of subparagraph (3) of that paragraph.

The 1983 amendment, effective Sept. 1, 1983, added subparagraph (4) in paragraph (c).

As the rest of the rule was not affected by the amendments, it is not set out in this Supplement.

### RULE 56.1. SUPREME COURT MANDATE

Upon receipt of a mandate from the Supreme Court, the Prothonotary shall immediately mail notice thereof to all attorneys of record in the cause. In any case where the judgment of the Superior Court shall have been reversed or modified, or in any case where further proceedings are necessary, an appropriate order shall be prepared by prevailing counsel and submitted to the Court.

If the decision of the Supreme Court includes a remand for a determination by the Superior Court, the preparation and submission of said order, along with any other appropriate action, shall be done at such times and in such a manner so as to enable the Superior Court to comply with the requirements of Supreme Court Rule 19(c).

(Added, effective Oct. 15, 1980.)

### RULE 56.2. CERTIFICATION OF QUESTIONS OF LAW TO THE SUPREME COURT

Certification of questions of law shall be in the same manner specified in Superior Court Civil Rule 75.

(Added, effective Oct. 15, 1980.)

161

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of the

Supreme Court of Delaware, hereby certifies that on November

6, 2007, he caused two copies of the attached document to be

placed in the U.S. Mail, first class postage prepaid,

addressed to the following:

Timothy B. Harr
No. 190389
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977


Loren C. Meyers
Chief of Appeals Division
Dept. of Justice