IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY B. HARR,<br><br>    Petitioner<br><br>v.<br><br>PERRY PHELPS, Warden, and<br>ATTORNEY GENERAL OF<br>THE STATE OF DELAWARE,<br><br>    Respondents | )<br>)<br>)<br>)<br>)   Civ. Act. No. 08-247-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. In May 1982, the grand jury indicted Timothy Harr, charging him with two counts of first degree rape (Del. Code Ann. tit. 11, §764 (Repl. 1979)), two counts of first degree kidnapping, and two counts of possession of a deadly weapon during the commission of a felony. The Superior Court docket shows that Harr was returned to Delaware under the Interstate Agreement on Detainers. In January 1983, Harr pled guilty to two counts of first degree rape, and he was sentenced to two consecutive parolable life terms. *See generally Evans v. State*, 872 A.2d 539, 553-58 (Del. 2005). As required by the Agreement, Harr was returned to North Carolina where he was serving a prison sentence. *See generally Chapman v. Guessford*, 924 F.Supp. 30, 30 (D. Del. 1996) (outlining procedure for return of inmate to sending state under Agreement).

2. Harr in June 2007 moved for post-conviction relief. According to him, counsel had been ineffective because he had not explained to Harr that the

Delaware sentences would run consecutively to sentences Harr was then serving in North Carolina. Harr also charged that the plea agreement not been followed. Superior Court summarily denied the motion, holding that Harr's motion was untimely under the provisions of Criminal Rule 61(i)(1). The court also noted that the transcript of the 1983 plea colloquy was not available because the court reporter notes would have been destroyed after 20 years. *State v. Harr*, 2007 WL 1991184 (Del. Super. July 6, 2007). On appeal, the Delaware Supreme Court agreed, declaring that Harr's claim was untimely under Rule 61(i)(1) and that Harr had not established that review of the claim was warranted under Rule 61(i)(5). *Harr v. State*, 2007 WL 2983632 (Del. Oct. 12, 2007). Harr moved for reargument, complaining that Superior Court and the state supreme court had misapprehended the retention of the court reporter notes. After prosecutors answered the motion, the state supreme court denied the motion for reargument. *Harr v. State*, No. 368, 2007 (Del. Nov. 15, 2007).

      3. Harr has applied for federal habeas relief. DI 2. As set out below, Harr is not entitled to relief: the petition is untimely under section 2244(d); two of the claims advanced by him are state law claims for which federal habeas relief is not available; and his claim of ineffective assistance of counsel is procedurally barred.

**Timeliness**:

      Under 28 U.S.C. §2244(d)(1), a petition for federal habeas corpus filed by a state prisoner is subject to a one year statute of limitations. The limitation period begins from the latest of the following dates: the date the state court judgment is final; the date on which an impediment to filing, created by state action violating the federal Constitution or federal law, is removed; the date on which a constitutional right is newly recognized and made retroactively

applicable; or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)-(D). Only one of these dates is relevant to Harr: the date on which the state court judgment became final.

a. Harr's conviction became final on February 19, 1983: under Delaware law, the period for taking any appeal to the state supreme court from the January 20, 1983 conviction began on January 21, 1983. *See* Del. Supr. Ct. R. 11(a). Harr then had 30 days in which to file any appeal. *See* Del. Code Ann. tit. 10, §147; Del. Supr. Ct. R. 6(a)(ii). Because Harr's convictions became final before the 1996 amendment to the federal habeas statutes, the limitations period for Harr began to run, not from February 1983, but on April 24, 1996, the effective date of the 1996 amendment. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003 (citing cases). Thus, Harr had until April 24, 1997 in which to file his federal habeas petition without running afoul of section 2244(d). *See Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005); *Goodwin v. Carroll*, 503 F.Supp. 726, 728 (D. Del. 2007); *Laboy v. Carroll*, 437 F.Supp.2d 260, 264 (D. Del. 2006). The petition, though, was filed on April 9, 2008,[1] thus being untimely under the statute.

b. The limitations period under §2244(d)(1)(A), of course, is tolled by a "properly filed" motion for state post-conviction relief, 28 U.S.C. §2244(d)(2), but the statutory tolling provision is no help to Harr: his state post-conviction motion was filed on June 5, 2007. Thus, the limitations period of §2244(d) had run well before Harr filed his post-conviction motion, and that post-conviction motion does not trigger the provisions of §2244(d)(2). *E.g., Long v. Wilson*, 393

---

[1] The date of filing is the date the prisoner delivers the petition to prison officials for mailing to the district court, and the date on the petition is the presumptive date of mailing. *E.g., Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002). Harr's petition is dated April 9, 2008. DI 2 at 15.

F.3d 390, 394-95 (3d Cir. 2004); *Barnett v. Carroll*, 514 F.Supp.2d 619, 623 (D. Del. 2007); *Laboy*, 437 F.Supp.2d at 264. Moreover, for a state post-conviction motion to be "properly filed" and thus toll the limitations period, the state motion must be timely filed under state law. *E.g., Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005). The Delaware Supreme Court, however, held Harr's June 2007 post-conviction motion to have been untimely under Superior Court Criminal Rule 61(i)(1). Because the June 2007 post-conviction motion was untimely, under *Pace*, the motion was not "properly filed" for purposes of §2244(d)(2). That the state courts looked at Harr's motion to determine if review was warranted under Criminal Rule 61(i)(5) is of no moment. *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)); *Satterfield v. Johnson*, 434 F.3d 185, 192-94 (3d Cir. 2006).

The limitations period may be tolled for equitable reasons, of course, as this Court has noted. *E.g., Eaves v. Burris*, 529 F.Supp.2d 470, 476 (D. Del. 2008). But one requirement for equitable tolling is that the party invoking the principle have acted diligently in pursuing his rights. *E.g., Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89. 96 (1990)). The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)). The passage of more 24 years after his guilty plea and sentencing before Harr initiated any challenge to his January 1983 conviction is hardly evidence of the requisite degree of diligence. That lapse of time is enough to foreclose any attempt by Harr to invoke equitable tolling.

**Claim 1**:

As Harr's state post-conviction action progressed, the question arose of the availability (or even existence) of the court reporter notes of the plea colloquy and sentencing. *See Harr*, 2007 WL 2983632, order at ¶5. Harr moved for reargument from the state supreme court decision, urging that the reporter's notes should still exist in light of the retention requirement set out in Superior Court Criminal Rule 55(e). Prosecutors, in turn, contended that the motion for reargument should be denied: Rule 55(e) was not in effect when Harr entered his plea; Harr had failed to raise the issue in his opening brief, thus forfeiting any opportunity to argue the point on reargument; and Harr had not shown that any mistake about the retention schedule for the court reporter notes was likely to influence the outcome of the state court appeal. The state supreme court subsequently denied Harr's motion for reargument without comment.

Against this background, Harr complains in his habeas petition about the destruction of the court reporter notes. DI 2 at 6. The issue was raised on reargument in the state supreme court, and Harr has perforce exhausted state remedies. *See Smith v. Digmon*, 434 U.S. 332 (1978). But whether the notes were retained in accord with Criminal Rule 55 or not is no more than a question of state law. *See Norvell v. Illinois*, 373 U.S. 420, 423-24 (1963); *Worts v. Dutton*, 395 F.2d 341, 343 (5th Cir. 1968); *United States ex rel. McKee v. Pate*, 371 F.2d 405, 407 (7th Cir. 1967); *United States ex rel. Smart v. Pate*, 318 F.2d 559, 561-62 (7th Cir. 1963); *Huffman v. State of Missouri*, 399 F.Supp. 1196, 1207 (W.D. Mo. 1975); *Tracey v. Janco*, 351 F.Supp. 836, 838-39 (N.D. W.Va. 1972). In turn, questions of state law do not make out a basis for federal habeas relief. *E.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984). Harr's contention thus fails.

**Claim 2:**

In its entirety, claim 2 reads:

**GROUND TWO: Failure of State to Provide Harr with Sentencing Order.**

(a) Supporting Facts....: In the Supreme Court of Delaware's decision to affirm Harr's Motion for Post Conviction Relief they stated that since his case ended in a plea, the rules of the Superior Court of Delaware do not apply. In Harr's briefing of this argument he specifically states the precise rule and the reason why it should be adhered to.

DI 2 at 8. The heading Harr has attached to this claim has nothing to do with the description of the claim. Respondents have therefore disregarded the heading and read Harr's presentation of the claim in light of the state court papers. *See, e.g., DeShields v. Snyder*, 829 F.Supp. 676, 678 n.1 (D. Del. 1993). In argument 1 in the state court appeal, Harr contended that Superior Court should have considered his claim of ineffective assistance of counsel under the provisions of Superior Court Criminal Rule 61(i)(5). Appl't Op. Brf. at 7, *Harr v. State*, Del. Supr. Ct. No. 368, 2007. There is nothing in Harr's opening brief that suggests any notion that he should have been given a copy of the sentencing order, and there is nothing in the papers filed by prosecutors in the state supreme court to indicate that prosecutors saw Harr to be contending that he should have received a copy of the sentencing order. *See Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982). Against this backdrop, respondents read Harr's claim to be that the state courts erroneously applied Criminal Rule 61(i)(5). But any challenge to state post-conviction procedure does not state a claim under section 2254. *E.g., Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998); *Laboy*, 437 F.Supp.2d at 263; *White v. Carroll*, 416 F.Supp.2d 270, 282 (D. Del. 2006). This claim should accordingly be dismissed.

**Claim 3**:

In his last claim, Harr alleges that his attorney provided ineffective assistance because counsel did not tell him that the sentences would run consecutively. Harr also asserts that if he had been told of the consecutive nature of the sentences, "he would not have accepted the plea." DI 2 at 9.² Harr presented this claim to the state supreme court, and he has accordingly exhausted state remedies. But the state supreme court rejected Harr's ineffective assistance claim on the basis that his motion had not been filed within the time period set out in Superior Court Criminal Rule 61(i)(1). *Harr*, 2007 WL 2983632, order at ¶6. The state courts' application of Rule 61(i)(1) is clearly a "plain statement" that the state court decision rests on state law grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Harris v. Reed*, 489 U.S. 255 (1989). This Court has previously held that Criminal Rule 61(i) (1) is an adequate state ground to preclude federal habeas review. *E.g., Mulkey v. Snyder*, 1999 WL 588295, at *3-4 (D. Del. July 12, 1999); *Johnson v. Ellingsworth*, 783 F.Supp. 215 (D. Del. 1992). Consequently, unless Harr can establish cause for his procedural default and resulting prejudice, *e.g., Smith v. Murray*, 477 U.S. 527, 533-38 (1986), or that a miscarriage of justice will result if the Court refuses to consider his claim of ineffective assistance, *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991), it must be dismissed. Harr, however, has not alleged cause for his failure to have raised the issue within the three

---

²Given the passage of more than 24 years before Harr decided to challenge his 1983 guilty plea, that lapse of time has a substantial impact on his credibility. *United States ex rel. Darrah v. Brierley*, 415 F.2d 9, 12-13 (3d Cir. 1969); *United States ex rel. Schultz v. Twomey*, 404 F.Supp. 1300, 1303-04 (N.D. Ill. 1975). The Court is not required to accept Harr's assertion that he would not have accepted the plea bargain, even if his assertion is uncontradicted. *E.g., Burston v. Caldwell*, 506 F.2d 24, 26 (5th Cir. 1975); *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974); *Goins v. Brierley*, 464 F.2d 947, 948 n.2 (3d Cir. 1972) (citing *Hawk v. Olson*, 326 U.S. 271, 279 (1945)).

year period contained in Rule 61(i)(1). Because Harr has not established cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith*, 477 U.S. at 533.

In turn, the "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Invocation of the "miscarriage of justice" principle requires that the petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995) (O'Connor, J., concurring). *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 539 (1998); *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004). Harr offers no basis for the Court to conclude that he meets the "miscarriage of justice" standard, and his claim of ineffective assistance should accordingly be dismissed.

**State Court Records**: Based upon the Superior Court docket sheet, Harr's plea colloquy and sentencing were recorded, but as noted above, the transcript has not been prepared, the notes being unavailable.

The petition for a writ of habeas corpus should accordingly be dismissed without further proceedings.

/s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

July 25, 2008

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 588295 (D.Del.)
**1999 WL 588295 (D.Del.)**

Page 1

Mulkey v. Snyder
D.Del.,1999.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Freddie MULKEY, Petitioner,
v.
Robert SNYDER, Warden and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. CIV A 97-196-SLR.**

July 12, 1999.

Freddie Mulkey, Delaware Correctional Center, Smyrna, Delaware. Petitioner, pro se.
Loren C. Meyers, Delaware Department of Justice, Wilmington, Delaware, for Respondents.

MEMORANDUM OPINION

ROBINSON, J.

I. INTRODUCTION

*1 Freddie Mulkey ("petitioner") is a Delaware prison inmate and Robert Snyder and M. Jane Brady are the Warden of the Delaware Correctional Center ("DCC") and the Attorney General of the State of Delaware, respectively. Currently before the court is petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I.1) For the following reasons, the court shall deny petitioner's application.

II. BACKGROUND

On March 9, 1989, a Delaware Superior Court jury convicted petitioner of one count of unlawful sexual intercourse in the first degree. (D.I. 2 at 2) Thereafter, the Superior Court of New Castle County sentenced petitioner to life imprisonment. On direct appeal, the Delaware Supreme Court affirmed petitioner's conviction. *See Mulkey v. State,* No. 208, 1990 WL 72574 (Del. May 15, 1990).

In June 1990, Mulkey filed the first in a series of state postconviction relief motions. The Superior Court denied the first of these motions on July 18, 1990, *see State v. Mulkey,* Cr. A. No. IN88-030075R1, 1990 WL 105075 (Del.Super. July 18, 1990), and the Delaware Supreme Court affirmed this decision. *See Mulkey v. State,* No. 274, 1990 WL 197851 (Del. Nov. 7, 1990). In May 1993, Mulkey filed a second motion for postconviction relief, which the Superior Court denied pursuant to Superior Court Rule 61(i)(2) and (i)(4).[FN1] The Delaware Supreme Court affirmed the Superior Court's ruling. *See Mulkey v. State,* No. 284, 1993 WL 539214 (Del. Dec. 1, 1993). Petitioner filed a third motion for postconviction relief in March 1995, which the Superior Court again denied. *See State v. Mulkey,* Cr. A. No. N88-03-0075R3, 1995 WL 268510 (Del.Super. March 24, 1995). The Delaware Supreme Court affirmed this denial on December 6, 1995. *See Mulkey v. State,* No. 227, 1995 WL 788595 (Del. Dec. 6, 1995). Petitioner filed his application for habeas corpus relief in this court on April 17, 1997.

> FN1.Superior Court Criminal Rule 61(i)(2) bars consideration of any ground for relief not asserted in a prior postconviction proceeding.Rule 61(i)(4) bars consideration of "[a]ny ground for relief that was formerly adjudicated."

III. STANDARD OF REVIEW

As of April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) amended the standards for reviewing state court judgments in § 2254 proceedings. Since petitioner filed his habeas petition on April 17, 1997, following the enactment of the AEDPA, the court will apply the amended standards set forth in the AEDPA to petitioner's claims for federal habeas corpus

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 588295 (D.Del.)  
**1999 WL 588295 (D.Del.)**

Page 2

*Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

> FN2. Respondents filed a motion to dismiss petitioner's application as time-barred. (D.I.9) The court denied both this motion (D.I.17) and respondents' motion for certification of interlocutory appeal of the court's denial. (D.I.19)

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that a district court will consider a petition for a writ of habeas corpus presented by an individual "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2254(a). A district court need not consider a petition unless the petitioner has fulfilled certain procedural requirements, such as having "exhausted the remedies available in the courts of the State."*Id.*§ 2254(b)(1)(A). State remedies are unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."*Id.*§ 2254(c). Thus, a petitioner must raise before the state court of last resort the factual and legal premises of the claims for relief asserted in the § 2254 petition. *SeeChaussard v. Fulcomer,* 816 F.2d 925, 928 (3d Cir.1987); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). The principle of comity underlies this exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings. A petitioner need not raise issues on collateral appeal that he addressed on direct appeal. *SeeLambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Generally, unexhausted state claims "must be dismissed without prejudice." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). As an alternative to dismissal, the count may deny the petition on the merits despite petitioner's failure to exhaust state remedies. *See*28 U.S.C. § 2254(b)(2).

*2 The AEDPA prohibits district courts from granting a habeas petition for any claim heard on the merits at the state level unless such previous adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."*Id.*§ 2254(d)(1)-(2). The Third Circuit has explained that this language mandates a two-part inquiry:

> [F]irst, the federal court must inquire whether the state court decision was "contrary to" clearly established federal law, as determined by the Supreme Court of the United States; second, if it was not, the federal court must evaluate whether the state court judgment rests upon an objectively unreasonable application of clearly established Supreme Court jurisprudence.

*Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999).

Additionally, the AEDPA increases the deference a federal court must pay to the factual findings and legal determinations made by state courts. *SeeDickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996) (finding amended § 2254 to be a "more deferential test" with respect to state courts' legal and factual findings). Like the prior § 2254(d), amended § 2254(e)(1) provides that factual determinations made by a state court are presumed correct. *See*28 U.S.C. § 2254(e)(1). The amended § 2254(e) goes further, however, by placing on the petitioner the burden of rebutting the presumption by clear and convincing evidence. *Seeid.*With these precepts in mind, the court now turns to an analysis of petitioner's claims.

IV. DISCUSSION

Petitioner presents three grounds for habeas corpus relief. All three grounds rest on his contention that the trial court's jury instructions improperly characterized a state witness's testimony as "expert" testimony. At trial, the state offered the testimony of Carol Robinson (a social worker with Child Protective Services) on the behavioral characteristics of sexually abused children. The state never qualified Robinson as an expert witness. Nonetheless,

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 588295 (D.Del.)
**1999 WL 588295 (D.Del.)**

Page 3

the trial court characterized Robinson as an expert witness during its jury instructions. The trial court instructed the jury as follows:

Some witnesses who have special training in a particular field are permitted to express opinions on various subjects in addition to giving testimony as to facts. We call this expert testimony. The value of such testimony depends upon the learning and skill of the expert and varies with the circumstances of the case. The jury should consider the expert's means of knowledge and the explanation for any opinions given, and you may accept the expert's opinion if you find it to be consistent with reason and experience or otherwise satisfactory. The point is that the testimony of an expert is to be considered like any other testimony and is to be tried by similar tests and should receive just so much weight and credit as you may deem it entitled to receive viewed in connection with all the evidence in the case.

*3 The State has presented the expert witness testimony of Mrs. Robinson, a social worker with Child Protective Services, for the purpose of providing you with background concerning the behavior characteristics of children who are alleged to be victims of sexual child abuse. The expert's opinion as to the reason for the delay is one factor to be used by you in considering the witness' credibility, that is, the extent to which the child's testimony is to be believed. The expert is not permitted to give any opinion as to whether a witness is believable or not believable. Expert testimony does not, by itself, prove that an offense occurred or that the defendant committed such an offense. It is offered solely to assist you in evaluating the testimony of the child. The expert's explanation of child abuse characteristics is but one of the factors upon which credibility may be judged. You should give such weight to the expert's testimony and opinions as you believe they are entitled to receive when considered in the light of all the evidence in the case.

(D.I. 3 at A28:9-A29:19) Petitioner argues that this instruction violated his due process right to a fair trial by misleading, confusing, and prejudicing the jury. Petitioner also premises a Sixth Amendment's Confrontation Clause violation on his inability to cross examine Robinson on her qualifications as an expert. Finally, petitioner asserts an ineffective assistance of counsel claim based on his trial counsel's failure to object to the court's jury instructions.

A. Petitioner's Due Process and Sixth Amendment Claims

Construed liberally, petitioner's first ground for relief appears to assert a due process violation. Petitioner argues that the trial court's jury instruction confused and misled the jury as to the appropriate weight to be given to Robinson's testimony. Petitioner's second ground for relief alleges a violation of the Sixth Amendment's Confrontation Clause. Petitioner raised both of these arguments in his third postconviction appeal to the Superior Court, FN3 where they were dismissed for various procedural defects under Delaware Superior Court Rule 61(i)(1) (barring motions for postconviction relief filed more than three years after a conviction has become final), 61(i)(2) (barring repetitive postconviction filings), and 61(i)(3) (barring motions based on grounds for relief not asserted in the proceedings leading to the judgment of conviction). The Delaware Supreme Court affirmed the Superior Court's decision. Thus, petitioner has exhausted his state law remedies with respect to these arguments.

FN3.*See* D.I. 11, Appellant's Opening Br., Oct. 30, 1995, at 9-18.

Nonetheless, this court may not consider petitioner's constitutional claims. Generally, federal district courts may not review questions of federal law decided by a state court where the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment."*Coleman v. Thompson,* 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or, as here, procedural. *Id.* Because the Delaware Supreme and Superior Courts relied entirely upon Superior Court Criminal

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Rule 61(i)(1)-(3) in dismissing petitioner's federal constitutional claims, those procedural rules serve as independent and adequate state law grounds barring habeas corpus review. *See, e.g., Carter v. Neal,* 910 F.Supp. 143, 150-51 (D.Del.1995); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993), *aff'd,* 68 F.3d 710 (3d Cir.1995); *Johnson v. Ellingsworth,* 783 F.Supp. 215, 219 (D.Del.1992). Consequently, the court must dismiss petitioner's constitutional claims unless he establishes either (1) cause for his procedural default and resulting prejudice or (2) that a miscarriage of justice would result if the court refused to consider his claim. *See Coleman,* 501 U.S. at 750.

*4 To show "cause" petitioner must establish "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Petitioner, however, has not demonstrated cause for his failure to raise these constitutional claims within the procedural framework of Superior Court Criminal Rule 61(i)(1)-(3). Because petitioner has not established cause for his procedural default, the court need not assess whether he has suffered actual prejudice. *See Bailey v. Snyder,* 855 F.Supp. 1392, 1402 (D.Del.1993), *aff'd,* 68 F.3d 736 (3d Cir.1995).

Petitioner also has not demonstrated the likelihood of a miscarriage of justice. To demonstrate a miscarriage of justice, petitioner must present colorable claims of actual innocence. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992). The petitioner must show "a fair probability that ... the trier of the facts would have entertained a reasonable doubt of his guilt." *Kuhlmann v. Wilson,* 477 U.S. 436, 454 n. 17 (1986) (internal citations and quotations omitted). Instead of colorable claims of actual innocence, petitioner merely argues that the jury would not have convicted him without the trial court's jury instructions relating to Robinson. Implicit in this argument is petitioner's assumption that the jury instructions accorded undue weight to Robinson's testimony. A review of the trial court's instructions, however, reveals that the trial court encouraged the jury to view Robinson's testimony "like any other testimony" and to give it "just so much weight and credit as it [is] entitled to receive viewed in connection with all the evidence in the case."(D.I. 11 at A-28) Moreover, the trial court repeatedly emphasized that the jury could use Robinson's testimony only as one factor in assessing the credibility of the victim's testimony. In light of these instructions, there is no basis for petitioner's argument that the jury would not have convicted him in the absence of the trial court's jury instructions. Accordingly, the court may not address petitioner's procedurally defaulted constitutional claims.

B. Petitioner's Ineffective Assistance of Counsel Claim

Lastly, petitioner contends that his trial counsel's failure to object to the expert witness jury instruction constituted ineffective assistance of counsel-a violation of the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 686 (1984). Petitioner, however, failed to exhaust his state remedies with respect to this claim. In order to satisfy the exhaustion requirement, a federal habeas petitioner must "fairly present" his federal claims to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). This requires that petitioner's federal claim be the "substantial equivalent" of that presented to the state courts. *Id.* at 278.

Petitioner's state court appellate briefs lack the substantial equivalent of the ineffective assistance of counsel claim under habeas review. In his second postconviction motion to the Superior Court, petitioner raised an ineffective assistance of counsel claim based, in part, on "[t]he failure of trial counsel to object to the lack of any jury charges regarding non expert instruction [,] the failure to object to the improper charges given."(D.I. 11, Petitioner's Opening Br., July 20, 1993, at 42) Petitioner, however, never presented this specific ground for relief to the Delaware Supreme Court. In order to satisfy the exhaustion requirement of § 2254, a pe-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

titioner must present the claim under habeas review to the state court of last resort. *SeeBurkett v. Love,* 89 F.3d 135, 138 (3d Cir.1996). Rather than raising this claim before the Delaware Supreme Court, petitioner's Supreme Court brief asserted only that "[c]ounsel failed to raise timely objections at crucial stages during the trial."(D.I. 11, Defendant's Opening Br., Oct. 29, 1993, at 4) This, however, is not the substantial equivalent of the ineffective assistance of counsel claim currently under habeas review. *SeeGibson,* 805 F.2d at 138-39 (explaining that, where an ineffective assistance of counsel claim presented to the state courts had not included facts supporting the ineffective assistance claim alleged on habeas review, petitioner had not exhausted his state remedies).

*5 In his third, and final, postconviction appeal to the Delaware Supreme Court, petitioner argued in the "Statement of Facts" section of his opening brief that "defense counsel failed to make an objection to [the jury] instructions before or during jury deliberations."(D.I. 11, Appellant's Opening Br., Oct. 30, 1995, at 7). Nonetheless, petitioner's postconviction brief did not assert an ineffective assistance of counsel claim based on these facts. It is not enough that petitioner presented the same facts, on which the federal claim is based, to the state court; rather, "[b]oth the legal theory and the facts supporting a federal claim must have been submitted to the state court."*SeeRoss v. Petsock,* 868 F.2d 639, 641 (3d Cir.1989). In short, the same method of analysis presented to the district court must have been made available to the state courts. *Seeid.;see alsoConnor,* 404 U.S. at 277. Because petitioner failed to present the Delaware Supreme Court with the particular ineffective assistance of counsel claim at bar, petitioner has not exhausted his state remedies.

Petitioner, however, is excused from the exhaustion requirement because Superior Court Criminal Rule 61(i)(1)-(2) bars him from reasserting this claim in state court. As noted above, Rule 61 is an independent and adequate state ground barring federal habeas review of this claim. To overcome this bar, petitioner must establish either (1) cause for his failure to raise this claim in state court and resulting prejudice or (2) that a miscarriage of justice would result in the absence of federal review. *SeeColeman,* 501 U.S. at 750. The record is devoid of cause excusing petitioner's default, and petitioner has not established the likelihood of a miscarriage of justice. Accordingly, federal review of his ineffective assistance of counsel claim is barred. *Seeid.*

Even if petitioner had not defaulted, his ineffective assistance of counsel claim lacks substantive merit. To prove ineffective assistance of counsel, petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." *SeeStrickland,* 466 U.S. at 686;*seealsoBurger v. Kemp,* 483 U.S. 776, 788-89 (1987); *Darden v.. Wainwright,* 477 U.S. 168, 184 (1986); *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986). At issue, then, is whether his trial counsel's failure to object to the court's jury instructions was "objectively unreasonable." In determining the reasonableness of counsel's actions, the court must give considerable deference to the attorney's decisions. The Supreme Court has noted that:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*6 *Strickland,* 466 U.S. at 688-89 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). When evaluating counsel's performance, a court should not "focus[ ] solely on mere outcome determination, without attention to whether the result of the pro-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 588295 (D.Del.)
**1999 WL 588295 (D.Del.)**

Page 6

ceeding was fundamentally unfair or unreliable."*Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993).

Far from being "fundamentally unfair or unreliable," the trial court's jury instructions admonished the jury to consider Robinson's testimony with caution. Trial counsel's failure to object to this instruction was reasonable because there was nothing objectionable about the instruction. Petitioner cannot demonstrate under this theory that his trial counsel was constitutionally deficient. Thus, for procedural as well as substantive reasons, the court shall dismiss petitioner's ineffective assistance of counsel claim.

V. CONCLUSION

For the aforementioned reasons, the court shall dismiss petitioner's application for federal habeas corpus relief. An order consistent with this memorandum opinion shall issue.

D.Del.,1999.
Mulkey v. Snyder
Not Reported in F.Supp.2d, 1999 WL 588295 (D.Del.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on July 25, 2008,

1. He electronically filed the attached document (Answer) with the Clerk of the District Court using CM/ECF.

2. He caused two copies of the attached document to be placed in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Timothy B. Harr
No. 190389
Vaughn Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

/s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8844
Del. Bar ID 2210
loren.meyers@state.de.us