IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY B. HARR,                          )
                                          )
              Petitioner,                 )
                                          )
      v.                                  )        Civil Action No. 08-247-SLR
                                          )
PERRY PHELPS,  Warden, and                )
and JOSEPH R. BIDEN, III,                 )
Attorney General of the State             )
of Delaware,                              )
                                          )
              Respondents.                )

---

Timothy B. Harr.  Pro se petitioner.

Loren Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

June     *5*    , 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Timothy B. Harr's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 1982, while petitioner was incarcerated in the State of North Carolina, a Delaware grand jury issued an indictment charging him with two counts of first degree rape, two counts of first degree kidnaping, and two counts of possession of a deadly weapon during the commission of a felony. Petitioner was returned to Delaware under the Interstate Agreement on Detainers ("IAD"). In January 1983, petitioner pled guilty to two counts of first degree rape, and the Delaware Superior Court sentenced him to two consecutive parolable life terms. As required by the IAD, petitioner was returned to North Carolina to finish serving his criminal sentence issued by a North Carolina state court. Petitioner did not appeal his convictions and sentences. *See* (D.I. 13, at pp. 1-2)

In June 2007, petitioner filed in the Delaware Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Petitioner alleged that counsel provided ineffective assistance by failing to explain that the Delaware sentences would run consecutively to the sentences petitioner was serving in North Carolina. Petitioner also asserted that the plea agreement had been violated. The Delaware Superior Court summarily denied the Rule 61 motion as time-barred under Rule 61(i)(1). The Superior Court also explained that the transcript of the

1983 plea colloquy was not available because the court reporter notes would have been destroyed after twenty years. *State v. Harr*, 2007 WL 1991184 (Del. Super. Ct. July 6, 2007). On appeal, the Delaware Supreme Court affirmed the Superior Court's decision, explaining that petitioner's claim was untimely under Rule 61(i)(1) and that petitioner had not established that review of the claim was warranted under Rule 61(i)(5). *Harr v. State*, 2007 WL 2983632 (Del. Oct. 12, 2007). Petitioner moved for reargument, but the Delaware Supreme Court denied the motion. *Harr v. State*, No.368, 2007 (Del. Nov. 15, 2007).

Petitioner's pending § 2254 application, dated April 9, 2008, asserts the following three claims: (1) given the fact that the court reporter notes from petitioner's guilty plea colloquy were not available, the Delaware Supreme Court should have relied on the "best evidence rule" contained in Delaware Rule of Evidence 1002 in analyzing the Superior Court's denial of petitioner's Rule 61 motion; (2) the State failed to provide petitioner with a copy of his sentencing order; and (3) counsel provided ineffective assistance by failing to advise petitioner that the Delaware sentences would run consecutively to his North Carolina sentences.

The State filed an answer, asserting two alternative reasons for denying the petition: (1) the application is time-barred; and (2) claims one and two should be denied for failing to raise issues that are cognizable on habeas review, and claim three should be denied as procedurally barred. (D.I. 13)

2

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

signed into law by the President on April 23, 1996, and it prescribes a one-year period

of limitations for the filing of habeas petitions by state prisoners.  28 U.S.C. §

2244(d)(1).  The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, filed in April 2008, is subject to the one-year

limitations period contained in § 2244(d)(1).  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  Because he does not allege, and the court does not discern, any facts

triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of

limitations in this case began to run when petitioner's conviction became final under §

2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court

judgment, the judgment of conviction becomes final, and the one-year period begins to

---

[1]The court's conclusion that the instant application is time-barred obviates the
need to discuss the State's alternative reason for deny the application.

run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[2] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

Here, petitioner's conviction became final in February 1982,[3] giving him until April 23,1997 to timely file his application. Petitioner did not file the instant application until April 9, 2008,[4] approximately eleven years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time

---

[2]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his application well-past either cut-off date, rendering the one-day difference immaterial.

[3]The Delaware Supreme Court affirmed petitioner's convictions and sentences on November 13, 1981, and he did not seek certiorari review. Therefore, his judgment of conviction became final on February 1, 1982. *See Kapral*, 166 F.3d at 575-78.

[4]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts April 9, 2008 as the date of filing because that is the date on petitioner's application.

period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

## A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion in June 2007, approximately ten years after the expiration of AEDPA's limitations period. Therefore, his Rule 61 motion has no statutory tolling effect.

## B. Equitable tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

    (1)  where the defendant actively misled the plaintiff;
    (2)  where the plaintiff was in some extraordinary way prevented from asserting his rights; or
    (3)  where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be available if petitioner demonstrates that he

"exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner does not assert, and the court cannot discern, that any extraordinary circumstances prevented him from filing the instant application in a timely fashion. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Moreover, petitioner has not demonstrated the requisite diligence for equitable tolling because he waited twenty-four years after his conviction to file his Rule 61 motion. For these reasons, the court concludes that equitable tolling is not warranted. Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without

6

reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.